UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GEORGE SORAPURU** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 23-4219** |
| **AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY** | * | **SECTION L(4)** |
| | * | |

## ORDER & REASONS

Before the Court is a motion by Defendant American National Property and Casualty Company to Dismiss for Failure to State a Claim. R. Doc. 11. No opposition has been filed. Having considered the briefing and the applicable law, the Court rules as follows.

### I.   BACKGROUND

This case arises from alleged damage to George Sorapuru's property during Hurricane Ida. On August 25, 2023, Sorapuru filed his complaint in this Court alleging that Defendant American National Property and Casualty Company insured his property at the time of the incident. R. Doc. 1 at 2.[1] Despite his requests, Sorapuru alleges that Defendant has not identified the policy number associated with this coverage. *Id.*

Sorapuru alleges that he timely notified Defendant of the damage and took reasonable measures to mitigate his losses. *Id.* Sorapuru further alleges that Defendant performed an initial inspection of the property but undervalued the damage and accordingly, Defendant has not tendered adequate funds. *Id.* at 4-5. Sorapuru alleges two causes of action: (1) breach of insurance contract and violation of La. R.S. 22:1892 and 22:1973. *Id.* at 7.

---

[1] This complaint was filed with the Certification Letter for former clients of McClenny Mosely & Associates under CMO No. 1.

First, Sorapuru argues that Defendant breached its insurance contract with Plaintiff by failing to tender sufficient proceeds. *Id.* at 6-7. Sorapuru states that he has, and will continue to, suffer damages due to Defendant's breach. *Id.* Second, Sorapuru alleges that Defendant violated Louisiana's bad faith statutes pertaining to insurers by failing to timely tender insurance proceeds or make a settlement offer within the relevant statutory time frames. *Id.* at 6. Sorapuru states that Defendant's violation of these statutes entitles it to additional statutory damages, legal interest, and attorney fees. *Id.* at 7.

In response, Defendants filed the present Motion to Dismiss. R. Doc. 8. Defendant argues that it has no record of a policy issued to Sorapuru. R. Doc. 8-1 at 1. Thus, it prays that the Court dismiss the instant action with prejudice because Sorapuru filed it against the wrong insurer. *Id.* Sorapuru did not file an opposition by the required deadline.

**II.    LAW AND ANALYSIS**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual

inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

Defendant argues that after conducting a comprehensive investigation, it found no record of a policy issued to Sorapuru. R. Doc. 11-1 at 2. In his complaint, Sorapuru did not reference a policy number provided by Defendant but rather alleges that "[a] specific policy number is not identified in this pleading as Defendant has either not yet responded or otherwise denied Plaintiff's request for production of its policy number." R. Doc. 1 at 2. Further, Sorapuru did not submit an opposition to the instant motion. Without providing any evidence to suggest that Defendant insured the property, it would be unreasonable for this Court to infer Defendant is liable to Sorapuru for the hurricane damage his property sustained. *Twombly*, 550 U.S. at 556. Accordingly, the Court grants Defendant's motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, American National Property and Casualty Company's Motion to Dismiss, R. Doc. 11, is **GRANTED**. George Sorapuru's claims against American National Property and Casualty Company are hereby **DISMISSED** with prejudice.

New Orleans, Louisiana this 6th day of March, 2024.

_____
United States District Judge